May it please the Court, I am Leon Greenberg. I am arguing today on behalf of the appellants. I would ask to reserve three minutes of my time for rebuttal. In this case, the district court needed to consider three questions. The first was whether the DIR administrators had a duty to issue a regulation that would accurately provide for the payment of present value lump sum PPD benefits and whether that duty was nondiscretionary, such that it would require an examination of that benefit schedule and a revision of that schedule over time, reflecting changed circumstances. Now, if the administrator's duty to do so was discretionary, the second question, of course, is whether the administrator could invoke qualified immunity in respect to their failure to amend that regulation after it had long ceased to pay present value. And assuming that the administrator could invoke qualified immunity, the third question that the district court had to answer was whether the plaintiffs had also properly set before the district court claims that were outside the scope of any qualified immunity because they were of a reckless or willful nature and therefore had to proceed. Would you explain to me before you get into all of that sort of preliminarily, what are the constitutional claims that are at stake here? Because this is a 1983 case in federal court where you're seeking to recover damages against these individual administrators on the basis that they violated the United States Constitution. Yes, Your Honor. The claims at issue here are that the State of Nevada, by statute, confers upon the appellants a right to a lump sum payment of benefits at present value. These are PPD benefits. They relate to the yes.  I got that. I want to know what the constitutional violations are. Because you're not in here just alleging a violation of the statute. If you were, you'd be out of here. Yes, Your Honor. Well, the constitutional violation is a substantive due process violation in respect to the property rights of the appellants, because they had a right to receive that lump sum payment at present value, and the administrators denied that. So do you claim that there's a liberty interest involved? Well, Your Honor, there are two interests involved. There is a property interest, and this was actually recognized in the American manufacturers case in 1999. It is in the record and was briefed to the district court. The district court did not address these issues in its opinion. Okay. I just want to make sure I understand the theory of your case. That's all. So your argument is, is that by failing to adjust the annuities, what's it called? The annuity regulation. The annuity regulation. These program administrators interfered with your property interest in getting the correct amount of benefits, and therefore that's a substantive due process violation. That is correct, Your Honor. They had a substantive due process. Doesn't your property interest depend on how you read the statute, though? So doesn't it come back to the statutory interpretation? I would agree. And in that respect, I would draw the court's attention to what the district court never examined, which is, in fact, the statutory framework and the statutes that the appellants rely upon. In the district court's decision, the district court looked at Section 495 and said, this is what appellants rely on, Shannon relied on. In fact, it's not the sole provision of lump-sum PPD benefits at present value. It's also the administrator's duty under Section 403 to issue all regulations which are required by Nevada's workers' compensation system to pay the benefits that insurers must pay. That is a freestanding, overarching obligation that the administrator had here. They could not issue regulations to not pay the benefits required by statute. They could not issue regulations that were contrary to what the statute said those benefits had to be. But where is the requirement in the statute that they pay these benefits? The requirement is in Section 495. And this is discussed at page 16 of the brief. And 495 says the lump-sum payable must be equal to the present value of the PPD compensation awarded. So the requirement under 495 is if the claimant elects, rather than to take installment payments over time of their PPD benefits and get the lump-sum, it must be paid at present value. That is how the benefits should be paid. Well, let me ask you this. Assuming that they have to issue these regulations and whatnot, doesn't the administrator have discretion to decide, you know, how much this should be after canvassing the, what are they called, actuaries? Well, the problem here is that the administrator has some discretion, but it has to be based upon actually consulting with the actuary. Well, if they have any discretion in any of this, then they have the right to assert qualified immunity. Well, Your Honor, it's a question of whether they violated a nondiscretionary duty. If we examine the Trotter case, which was what was cited by the district court, in Trotter, for example, it was a question of the Navy putting forth an advisory analysis as to land-use issues, and the allegations were that the Navy violated a nondiscretionary duty to properly count the planes and the traffic and so forth. But ultimately, it was also in making that report exercising discretion in the form of analyzing and weighing various factors in terms of what its advisement would be, and that advisement was not binding on anyone. In this case, the statute says that the benefits must be paid at present value. Present value has a specific meaning under Nevada law, which is that it must look at the payments, the future flow of payments using a reasonable rate of interest. What's alleged here is that in 2015, the administrator was aware that the annuity was 15 years earlier, and they were also advised that the assumption that was underlying that existing table, the 6 percent interest assumption, was clearly inadequate under the changed circumstances. Let me ask you. So do they have any discretion in fixing the assumptions that underlie the calculation of the present value rate? They the only discretion they have is to consult with an actuary and rely on the actuarial information that is provided to them. In this case they have discretion to update whether to update the table. They do not have discretion as to whether to update the table if the actuarial information indicates that it's no longer paying present value. Where in the statute does it say what you've just said, that is, once you consult the actuary and the actuary reports, the State officials must follow the actuary's report? The combined effect of Section 495. No, no. Where does it say they must follow the actuary report? Does it say that any place? The duty on the ---- in the section regarding 495, which deals with the present value, that is not specifically mandated, Your Honor. Right. Okay. However. They must consult, but they must ---- there's no duty to act upon the consulting information, is there? They may disagree with the consulting actuary, may they not? They may only do so if they ---- if it doesn't pay present value, Your Honor. That's a question of fact. They may have a different opinion as to whether the interest rate that the actuary reports is reasonable. Well, Your Honor, their duty is to exercise and fulfill their obligation under 400 sub 3. Counsel, if you've ever tried a personal injury case involving lost wages, the same act, the same computation is always used there, and there's one expert for the plaintiff and there's one expert for the defendant. The plaintiff's expert has a low interest rate to arrive at a reasonable value, and the defense has a high interest rate. We know that. The plaintiff has a long actuarial life and the defendant has a short actuarial life. The jury can choose between those. There's no mandatory duty to choose one or the other. Why is not the same thing true of these functionaries in Nevada? The problem here, Your Honor, is that the record reflects the allegations are that the administrator never bothered to perform that review. So they never exercised ---- How do you know that? Where's the evidence that after receiving the actuarial review, the functionary said, well, that's nice, but we're not going to change our minds? This is in the record at page 50. The complaint specifically alleges that in 2015, there was a prior proceeding administratively brought before the administrator, advising them that they need ---- requesting, actually, information about their review of the actuarial tables. It was disclosed at that time. Those tables had never been reviewed in 15 years, even though the statute requires an annual review. It was disclosed at that time. No, no, no, no. It requires an annual review. It does not require an annual adjustment. That is correct, Your Honor. But the administrator never reviewed it in 15 years at that point. And at that point, it was all ---- the administrator was also advised that the tables were inadequate, and a request was made that they be adjusted, which the administrator denied. Okay. Now, take it the next step. You say that they had a non-discretionary, mandatory duty to every year fix a new interest rate, discount rate. Only if it changed. If the actual ---- Where did the ---- where ---- so I want what you're just saying, because you're saying that these folks aren't entitled to any qualified immunity, because what they had to do here was mandatory, non-discretionary, purely ministerial. So I want you to show me, explain to me where it is that, step by step, the ministerial duty is clear. Ultimately, Your Honor, and this was actually agreed to ---- No, well, show me ---- Yes, Your Honor, the only ---- Take me to the statutes or the regulations. I can only point you to Section 403 and Section 495.5. 403 says the Administrator shall prescribe by regulation methods by which an insurer may approve or reject claims and may determine the amount of nature and nature of benefits payable in connection therewith. So the Administrator shall issue the regulations by which the insurers can pay the benefits provided for under statute. The benefit provided for under statute here is in 495, which must be a present value level. But you need to lay out, if you're claiming that they're not, that the doctrine of qualified immunity cannot be invoked here by these Administrators, you need to lay out, step by step, the ministerial functions that they had to perform. Otherwise, once discretion is available to them at any step of the way, they're entitled to qualified immunity. Your Honor, in the event that ---- Or they're entitled to invoke it, and then you have to ask whether or not, you know, to go through the two-step analysis, as we just did with that prior case, and here then you have to look at, you know, just assuming there's a constitutional violation, then you have to look at whether or not the law was clearly established. Well, Your Honor, if we're going to get to that step in terms of whether the law was clearly established, this is alleged in the answering brief of the Administrator and in the further excerpts of the record. They asserted that they had no notice from any prior proceedings. That, in fact, is not true. In June of 2016, they were, in fact, found by an administrative review in Nevada to have that duty. You saw that argument I just ---- we just had with that prior case. Yes, Your Honor. You have to point to some Ninth Circuit case or U.S. Supreme Court case that makes it that these officials would have known that they had this ministerial duty, and not abiding by the ministerial steps, they were violating the beneficiary's Federal constitutional rights. Your Honor ---- What case should they have been reading? Well, they were bound by State law in Nevada and the Administrative Tribunal in June of 2016. We're in Federal court relying on the Federal Constitution. Your Honor ---- And we're applying Federal law. I cannot cite to the Court a case on all fours. As the Court is aware, that is not the case. It's not all fours. But what case would a reasonably intelligent administrator look at and say, oh, I don't adjust these rates every year under these statutes. I'm violating their constitutional rights. Your Honor, I cannot give the Court anything further on that. But I do want to draw the Court's attention to the issue that the district court never addressed, which is the fact that it is alleged here the administrator falsely advised the claimants that their benefits were being paid at present value. This was in the D-13 form, which is annexed to the complaint. And it says, in effect, you are receiving one payment in lieu of your future installment payments, which is at the present value of those future installment payments. The allegation here is that the administrator knew that advisement, at least as of 2015, was, in fact, false. And ---- And if it was false, how does that help your case? I mean, it doesn't make it any more likely that there's a property interest if the statute doesn't say there's one. Well, it certainly is a procedural due process violation, which is the other leg of the claim here, which is that the claimants were disserved by this. They would have been better off taking the installment payments. They would have received more economic value from doing so, but the administrator was intentionally, knowingly, falsely advising them that they were getting the same value, the same economic value, by taking the lump sum payment, by telling them it was at present value, and the administrator knew it wasn't at present value. The administrator didn't have to include that in the D-13 form. But they did. And once in 2015 they had knowledge that that statement was no longer correct, they didn't have discretion to falsely advise the claimants that the payment was at present value, when, in fact, it was not at present value. And the district court never reached this issue. Otherwise, Your Honors, my ---- But again, even if it was false, how does that create a property interest? Or how does that give you a right to due process? I mean, a false statement, hey, maybe it's deplorable, but what a ---- how does that help your case? Well, Your Honor, this is addressed in the brief, and there is authority. This is in the Ninth Circuit. It's cited that benefit administrators, such as in the Social Security context or in other contexts, are not free to misinform or not advise benefit recipients of their rights and to give them false information. The claimants were, in fact, injured here because if they had not been lied to about the present value of their benefits, they could have elected to receive the installment payments and received a greater economic value from doing so, rather than taking a lump sum payment. Isn't that a state breach of contract claim or something? No. This is clearly an established breach of the procedural due process rights of benefit claimants, and this is discussed in the brief, and this is at pages 13 to 15. Well, excuse me, I'm sorry. That is pages 10 through 12, Your Honor. And those false statements are not subject to qualified immunity. They don't have discretion to falsely advise the claimants. Let me ask you this. Do they have discretion to decide what to put on this form? They — that was solely within their power to issue that form. Well, was it within their discretion to craft that form the way they did? It was in their — it was within their discretion to craft the form, but not to include a statement that they knew was false in the form. That was not within their discretion. Does the statement sort of parallel the basic statutory rights? Does the statement parallel the basic statutory rights, Your Honor? Well, the statutory right is to receive the lump sum benefits at present value. Isn't it not just reporting what they're getting? Your argument is, well, they didn't adjust the right — they didn't adjust it yearly, so therefore, obviously, the statement was false. Well, Your Honor, it's different. What I'm saying is that in 2015, clearly the administrator, as alleged in the complaint, knew that the lump sum PPD benefits were not being paid at present value. That's an issue of fact. Why is a false statement a violation of one's procedural due process rights, assuming there's a property interest? Because when you think about procedural rights, it's notice and an opportunity to be heard by a neutral decision-maker with an unbiased decision. Those are the basic elements of procedural due process. Well — So where does this fit — where does your claim that it's a false statement fit into that basic scenario? Well, Your Honor, perhaps I am mischaracterizing where the right lies in the spectrum between the substantive procedural due process rights and the property interest rights. I do point the Court's attention to the discussion at page 11 of the open brief. Okay. All right. Well, I'll take another look at it. I mean, I found — you know, I found your argument difficult to follow, because when I looked at this, just as Judge Adelman suggested, it looked like this is really a State law claim. I don't even know why you would try and make it into a constitutional claim. It seems like you should just be filing a violation of the State statutes and sue these people for not properly implementing these statutes and regulations. Well, Your Honor, I would just — The legislature apparently has changed the law anyway. It has, but these individuals were injured. And just to answer that question, Your Honor, I would bring the Court's attention to Monroe, which in 1961, by the United States Supreme Court, and I quote, discussing the purpose of Section 1983, which is that, quote, "'State laws' might not be enforced, and the claims of citizens to the enjoyment of rights, privileges, and immunities guaranteed by the Fourteenth Amendment might be denied by the State agencies.' End quote. That is the purpose of Section 1983. It is our position that that was the — If it's a property right that they're trying to take away without notice and an opportunity to be heard by a neutral decision-maker with a fair decision, absolutely. Well, it goes beyond that here, Your Honor, in that they were denying the benefits that the State statute required be paid by refusing to enforce the State statute and then by falsely advising the claimants about — All right. I'll let you go over, so let me hear — Thank you, Your Honor. I'll give you some time for rebuttal, but let me hear from — let us hear from the Good morning, Your Honors. Heidi Stern on behalf of the individual defendants. Qualified immunity protects all but the plainly incompetent and those who violate the law. In order to overcome qualified immunity, the constitutional right claimed by the plaintiffs must be clearly established. Because the defendants don't fall into any of those categories, the District Court correctly dismissed this case and found that they were entitled to qualified immunity. In looking at whether the right here was clearly established, this Court need look no further than the plain language of the statute, as the District Court did. It contains the contours of the law governing this matter, particularly in subsection 495, section 5, and in 490, those two statutes set out the discretionary functions that the division had here and that these individual defendants had. And it specifically defines in those statutes present value as being according to the regulation passed by the division itself. The division administrators had complete discretionary function to set out those regulations. Mr. Stern, I'm bothered by something that the two opponents said. They have to have an annual review from the actuary, correct? That's in the statute. Correct. That is in the statute. So suppose that the annual review says clearly that two things. The discount rate is much too high. It should be lower. That means the lump sum has to be higher. The second thing is actuarial lives are much longer than they used to be. That also means that the lump sum has to be higher. If they see that year after year, is it your position that they can just brush it off and not make any changes? Pursuant to the statutory language, yes. I think it's a different question whether they should do that, but whether they can do that, certainly the statute permits that, yes. And I think that's evident if you look at the — They have to determine the correct discount rate, and they must determine the correct actuarial lives. I don't believe the statute says they have to determine the correct. There's no correct in the statute at all, or the regs. They have to determine the reasonable discount rate. Also not reasonable is not included. They have to determine the discount rate? They have to issue, yes. They have to issue a regulation that establishes the discount rate. They have to determine an unreasonable discount rate? Again, pursuant to the statute at the time, they can do that. Whether they should is a different question. Well, aren't we supposed to interpret these statutes in a way that sort of makes sense? And obviously, it doesn't make sense to allow these DIR administrators to deny people benefits which they may have accrued over many, many years. I mean, are we just supposed to treat the statute as, well, it doesn't say it this exact way, but therefore, hey, you don't have to do anything? I guess I have two responses to that. The first is that there is a procedure here for the plaintiffs to pursue any rights they feel they're not entitled to, and that is the administrative process which they cite extensively in their reply. So there is a process. But coming to this court requires that they state a constitutional right that was actually violated, and that just is lacking. And it's partly because of the language of the statute because it just doesn't establish the property right that plaintiffs are claiming. Part of the reason that it doesn't establish a particular property right as they're claiming is what Judge Bea mentioned earlier, which is that the concept of present value is a malleable concept, and there's no overarching universal acceptance of what would constitute a reasonable present value. So plaintiffs don't have an interest in a particular amount of money. And the second thing is the interest is in a benefit amount. Correct. It's in a benefit. It's in a benefit. Yes. And that's guaranteed to them by statute if they meet certain qualifications, correct? That's correct. They're entitled to a benefit, so that's a protected property interest, isn't it? And they did get a benefit pursuant to that. That's a protected property interest. I believe so, yes. Yeah. They did get that benefit, though. This is unlike this Court's prior cases in this arena where benefits were actually withheld. That didn't happen here. They all got a benefit. And I'll add, not only did they receive the benefit that constituted potentially their property interest, but they had — they knew. Everything here was publicly available. They knew what the discount rate was. They received notice from their insurers of what the calculation would be. They also, pursuant to statute, received a calculation of what the monthly benefit would be. So they were aware that the amount that they were going to lump-sum payment — Let me ask you this. — was going to be less. Once they were notified of their benefit amount, their lump-sum benefit amount, and they said, ah, this is incorrect, what's the administrative process for them to follow? They would just deny or say that they didn't want to accept the lump-sum benefit? No, no. What if they said, I want a lump-sum benefit, but this is the wrong amount? Then they could — How do they contest that? They could complain to the — through the hearings process, and the court can see this in the record — From the one case? — from the reply, where they go — I can't remember exactly, but it's like a hearings officer, and then it's an appeals officer, and then they can do a petition for judicial review in the 8th Judicial District of Nevada. Which they did in the Stratton case. Correct. But that came after this determination? Which determination? I'm sorry, Your Honor. Well, the claim of the plaintiffs that there wasn't a determination. I think it was before, because it was 2015, the Stratton case. By the administrator, by the administrative judge. I'm sorry, I'm still not — Well, there was a Superior Court judge determination in that case as well. An 8th Judicial, yeah, District Court judge. Well, then why isn't the Stratton case a clearly established law establishing that they had to make an annual present value determination? Because the federal system would not recognize that. The fact that we might not comply exactly with our own regulations is not a federal constitutional right. And again, there's really no definition of present value of it. Even those cases — But he says, okay, look, we have a property right in this benefit amount, which you just acknowledged exists. It's not in a benefit amount, though. I don't acknowledge that. No, I mean your benefit. The property right is a benefit. They establish all the prerequisites. They're entitled to a benefit. That's the property right. And he says, well, you're interfering with the correct amount of that benefit. You're depriving me of the correct amount. And you're, therefore, violating my substantive due process rights. What's wrong with that? There is no correct amount. It's not a true or false kind of statement. Well, he looks at the statute and puts all these statutes together and says you had an absolute obligation to adjust the discount rate. That's not in the statute. There is no requirement to adjust. There's none. Now there is. Now there is. And I think looking at those two statutes together shows, really, the difference between what it means to have a discretionary ability to set the discount rate at whatever the division decides and the difference between having a nondiscretionary obligation to change depending on certain factors. That's how the statute reads as of 2017. So that would be my response. How do you respond to counsel's argument that the administrators falsely informed the beneficiaries about the amounts of their benefit? I would, again, turn this Court's attention back to the plain language of the statute, which very clearly — Which statute are you talking about? 495. 495. It very clearly defines present value as following the regulation in the administrative code. So it basically — 495 basically says your lump sum is going to be determined based upon the administrative code, which is at subsection 502. And that is determined completely by the division here. And so it defines present value in terms of that table. Let me ask you — So present value is really the opinion of the administrators. It's not a fact like that wall is marble. I think that is probably a correct statement. I don't know how far I would go with that because, you know, they do have to issue an actual table that lays things out, and I don't think they pick those out of the air. But yes, it is at least within the full discretion of the division. Let me ask you, is there some form of action under Nevada law that the plaintiffs could in complying with the statutory requirements? I think the main one is what was followed in Stratton. No, I'm talking about — so this is a class action. Well — Purported, yes. Is there some form of action in Nevada where they could do the same thing, but strictly under Nevada law? I did not look into that question, Your Honor. I'm sorry. I don't know the answer. I suppose they could allege a class action in state court. They don't need to be in federal court to do that. So if there are no further questions, I'll just leave this court with a request, respectfully, to affirm the district court to follow the plain language of the statute here. Thank you. Okay. Counsel, you can have a minute for rebuttal. Your Honor, in respect to what was discussed, the idea that the administrator could simply brush off year to year any effort to actually review this actuarial table and then ignore their knowledge that it was not paying present value benefits goes to the other issue that I raised in the brief, which is that the limits of discretion are not unlimited. If someone is subject to a discretionary function but exercises in complete disregard for the injury they're causing their discretion, they are subject to liability under 1983. In this case, this is analogous to the situation where we have, you know, a willful withholding of medical care by an administrator, for instance, in a correctional facility. This Court has examined those sort of situations, and it has, in fact, found liability in those circumstances. And this is discussed in the Farmer case, the Ammons case, at page 26, the state-created danger doctrine. In essence, the administrators were creating the danger here that these claimants would not receive the present value that they were required to get and were entitled to get under statute. I would just also like to respond to certain representations made by the counsel for the appellees, which is that the claimants were never advised as to what the discount rate was. I mean, the regulation was public record, of course, but they had no way of knowing whether the discount rate was, in fact, obsolete or not. And the fact that there may be a State law remedy here does not avoid the right to bring a Section 1983 claim. This is discussed at page 20 of the reply brief, and, in fact, this was one of the holdings in Monroe, which is still good law. And I quote, "...it is no answer that the State has a law which, if enforced, would give relief. The Federal remedy is supplementary to the State remedy, and the latter need not first be sought and refused before the Federal one is invoked." So the availability, and I don't believe there is any available Nevada action that would simply be the same claim of a deprivation of a property right protected by Section 1983 pursued in the State court system as opposed to filed in the Federal remedy. So there's no form of action where you could file against administrators to apply the corrective or compel them to have your you said they have a mandatory duty. Why isn't there some form of action that says you have a duty, you violated it, you haven't done this? Well, it may not get you damages, but it might get you a, it might get you a. Your Honor, I cannot represent there is absolutely no avenue in the State court system, because in the Stratton case, clearly the claimant there did persuade the administrative law judge. And if you read the decision, it was actually over the objections of the administrator to entertain this claim. But the way the procedure is set up by the administrator does not actually allow a claimant to review or dispute the actuarial table. They're not given any advisement that you can dispute the actuarial table. So, again, we've taken up a lot of the Court's time. If there are further questions. I was just going to say your time is up, so wrap it up. You're over your time. I understand, Your Honor. I appreciate it, and I would ask the Court to reverse the district court's decision. And if the Court is not willing to set aside the district court's finding as to the qualified immunity issue, whether on the State-created doctrine concept or otherwise, I would submit that it must reverse the district court's decision in respect to the intentional false advisements that were given by the administrator. Thank you. Thank you. We appreciate your arguments in this case. The matter is submitted.
judges: Paez, Bea, Adelman